**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Shelly Newton,

Petitioner

v.

State of Nevada, et al.,

Respondents

**2:16-cv-02948-JAD-NJK**

**Order Vacating Dismissal Order, Granting Application to Proceed *in forma pauperis*, and Dismissing and Re-closing Case**

[ECF No. 10]

On January 20, 2017, I dismissed without prejudice this § 2254 action brought by Nevada state pre-trial detainee Shelly Newton because she failed to submit a completed application to proceed *in forma pauperis* or pay the $5.00 filing fee. Rather than filing her petition and an IFP application in a new action as instructed by my order, Newton filed an application to proceed *in forma pauperis* in this closed case. It appears from Newton's application and supporting documentation that she is was—and remains—unable to pay the filing fee to initiate this case. In the interests of judicial economy, I vacate my January 20, 2017, dismissal order, re-open this case to consider Newton's IFP application, grant Newton pauper status, and screen her petition under Habeas Rule 4.

Petitioner Shelly Newton is currently incarcerated at the Clark County Detention Center awaiting trial on burglary, forgery, and related charges, and her trial is currently set to begin on May 30, 2017, in Nevada's Eighth Judicial District Court.[1] In the petition, Newton generally challenges her August 2015 arrest and the resulting state-court charges. She first explains that she was arrested

---

[1] http://redrock.clarkcountynv.gov/ccdcincustody/inCustodySearch.aspx. I take judicial notice of this website. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (courts may take judicial notice of government websites).

at a Wal-Mart after she was questioned and detained by a security officer.[2] She states that she was not granted release on her own recognizance but was instead granted $5,000 bail, which she posted. She was later remanded to custody after she arrived late to a court hearing and additional charges were added against her.[3] Though Newton does not articulate any specific claims, it appears that she believes that she was unlawfully detained, the evidence is insufficient to support the charges against her, and that she should be released on her own recognizance pending trial.

It plainly appears from the face of Newton's petition that she is not entitled to federal habeas relief because her claims are barred by *Younger v. Harris*, which requires a federal court to abstain from interfering with pending state criminal prosecutions absent extraordinary circumstances.[4] *Younger* abstention is appropriate when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.[5]

In light of Newton's impending criminal trial in state court, all of the requirements for *Younger* abstention are present, and I do not find that there are extraordinary circumstances warranting federal-court intervention here.[6] I therefore dismiss Newton's petition and re-close this action.[7] And because reasonable jurists would not find my dismissal of Newton's petition based on

---

[2] *See* ECF No. 1 at 4–6.

[3] ECF No. 1.

[4] *Younger v. Harris*, 401 U.S. 37, 44 (1972); *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998) (*Younger* applies to claims brought in federal habeas corpus proceedings).

[5] *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).

[6] *Younger*, 410 U.S. at 43 (explaining that *Younger* abstention is not required when there is evidence of state proceedings motivated by bad faith or harassment, where irreparable injury will occur, or when there is no adequate alternative state forum where the constitutional issues can be raised); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (*Younger* abstention not required where a pending state prosecution violates the double-jeopardy clause).

[7] Newton's petition fails for the additional reason that it appears her claims are unexhausted because she admits in her petition that she has never presented these claims to the Nevada Supreme Court. ECF No. 1 at 2.

*Younger* abstention debatable or wrong, I decline to issue a certificate of appealability.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Clerk of Court is directed to RE-OPEN this case and VACATE the January 20, 2017, dismissal order [ECF No. 4].

IT IS FURTHER ORDERED that Newton's application to proceed *in forma pauperis* **[ECF No. 10] is GRANTED**; and Newton's petition [ECF No. 1] is DENIED without prejudice to her ability to bring her claims and arguments at the proper time in the proper forum.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

The Clerk of Court is directed to RE-CLOSE THIS CASE.

Dated this 23rd day of March, 2017.

Jennifer A. Dorsey
United States District Judge